FILED
APR 11 2007
4-11-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT W. WELTER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HOSPIRA WORLDWIDE, INC.,<br><br>　　　　Defendant. | 07CV1989<br>JUDGE FILIP<br>MAGISTRATE JUDGE ASHMAN<br><br><br>**Jury Trial Requested** |

## COMPLAINT

NOW COMES Plaintiff, ROBERT W. WELTER, by and through his counsel, LISA KANE of LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, HOSPIRA WORLDWIDE, INC., states as follows:

### PRELIMINARY STATEMENT

1.　This is an action seeking redress for the violations of rights guaranteed to Plaintiff by Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2.　Jurisdiction of the court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § 12101 et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3.　Venue is proper under 28 U.S.C. §1391 (b)(1) and (2).

## PARTIES

4. Plaintiff, ROBERT W. WELTER, is a United States citizen who resides in Wisconsin.

5. Defendant, HOSPIRA WORLDWIDE, INC., is a corporation properly recognized and sanctioned by the laws of the State of Delaware, and at all times did and continues to do, business in Illinois. Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C. § 12111(5), as Defendant has continuously and does now employ more than fifteen (15) employees and is engaged in an industry that affects commerce.

## PROCEDURE

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Opportunity Commission ("EEOC") on February 21, 2007. The EEOC issued Plaintiff a Notice of Right to Sue on March 5, 2007. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

## COUNT I – ADA – DISABILITY DISCRIMINATION

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. In November 1977, Plaintiff began working for a predecessor of Defendant as a production equipment operator/backup mechanic. Beginning in 1985 and continuing to the present, Plaintiff has worked in the position of Senior Set Up Mechanic for Defendant and its predecessor.

9. Since approximately 1989 and continuing to the present, Plaintiff has suffered from Fibromyalgia and Irritable Bowel Syndrome, resulting in intermittent symptoms such as severe

muscle pains, anxiety attacks, migraine headaches, losses in energy, and the need to relieve his bowels more frequently than individuals without such conditions.

10. At all times relevant hereto, Plaintiff has been an individual with a disability for purposes of the ADA, 42 U.S.C. § 12102(2), in that Plaintiff suffers from Fibromyalgia and Irritable Bowel Syndrome, which causes a physical or mental impairment that substantially limits one or more major life activities, including, but not limited to, walking, thinking, and concentrating, or Defendant has regarded Plaintiff as having such an impairment.

11. Beginning in at least 1997, Defendant's predecessor has maintained a record of Plaintiff's conditions of Fibromyalgia and Irritable Bowel Syndrome, as well as the physical and mental impairment that Plaintiff suffers from these conditions. Plaintiff has also requested and obtained leave pursuant to the Family Medical Leave Act on a continual basis since 1997 as a result of his medical conditions. Defendant maintained this record upon becoming Plaintiff's employer.

12. Throughout his thirty (30) year tenure with Defendant, Plaintiff has performed according to the reasonable satisfaction of his employer, as exemplified by positive comments from his group leaders and supervisors, and any contention to the contrary remains pretext for disability discrimination.

13. Even though Plaintiff suffers the effects of Fibromyalgia and Irritable Bowel Syndrome that required bathroom breaks occasionally more often or longer than his coworkers, Plaintiff has been able to perform the essential functions of his position.

14. Defendant's management has subjected Plaintiff to a continuous course of hostile, abusive, and harassing conduct based on his actual or perceived disabilities from 2003 to the present. As demonstrated by the examples detailed below, such conduct has included undue scrutiny of

bathroom breaks necessary for Plaintiff's medical condition, unwarranted criticism of his performance, and issuing discriminatory discipline against Plaintiff.

15. In 2003, during management's preparation for Defendant taking over the business of its predecessor, Plaintiff advised Maintenance Manager John Molewÿk that he would be bringing in a doctor's note for the need to stretch out and perform yoga massage during break times to care for his medical conditions. Molewÿk responded to this issue by stating, "If you come to work with an excuse like that, they would not have a use for a person like that."

16. Subsequent to Plaintiff presenting a doctor's note recommending that he perform stretching exercises and yoga massage to assist in treating his medical conditions, Defendant required Plaintiff to punch in and out during the times that he performed this treatment. In contrast to this requirement, similarly situated employees were afforded the ability to perform physical exercises on breaks without needing to punch in and out.

17. As a result of the requirement imposed on Plaintiff's breaks for stretching exercises and yoga massage, Defendant has subjected Plaintiff to discriminatory conditions based on his actual and perceived disabilities from 2003 to the present. In addition, beginning in July 2006 and continuing to the present, Defendant's management has scrutinized Plaintiff's break times when he has performed the stretching exercises and yoga massage.

18. Maintenance Manager John Molewÿk issued Plaintiff a write-up in his personnel file in October 2005 which falsely accused Plaintiff of taking excessive breaks. In fact, Plaintiff complied with Defendant's policies and practices concerning breaks, and his medical conditions required the breaks that were referenced in Molewÿk's write up.

19. Since the write-up issued in October 2005 and continuing to the present, Maintenance

4

Manager John Molewyk and Mike Lopez have closely scrutinized Plaintiff's breaks in a manner not utilized with similarly situated non-disabled employees, issuing Plaintiff verbal reprimands and written notices. These forms of discipline have been unwarranted, as Plaintiff has regularly adhered to taking one (1) break a day, whereas Defendant's policy afforded maintenance employees two (2) breaks per day, until Defendant implemented a new break policy in April 2007.

20. In December 2005, Maintenance Manager John Molewyk accused Plaintiff of wrongfully failing to move his materials from a locker on one floor to another. At the time of this incident, Plaintiff was not apprised of any wrongdoing, but Molewyk falsely documented Plaintiff of being accused of insubordination in his personnel file.

21. In January 2007, Maintenance Managers John Molewyk and Mike Lopez falsely accused Plaintiff of failing to adhere to a new overtime policy by working more than forty (40) hours per week without a supervisor's prior approval, documenting these false assertions in Plaintiff's personnel file. Contrary to Defendant's assertion, Plaintiff only performed work-related functions and worked additional hours at the request of his supervisors.

22. On January 23, 2007, after initially seeking to obtain a copy of his personnel file in December 2006, Plaintiff requested to see a copy of his personnel file from Maintenance Manager John Molewyk. Defendant's management refused to provide Plaintiff with a copy of this file until January 30, 2007, at which time Plaintiff observed that his file had been organized in a manner not used in the past.

23. In January 2007, Plaintiff reported the harassing treatment to which he was being subjected by management to Esther Martinez Ziemba, Human Resources representative. During a meeting on January 29, 2007, Human Resources representative Ziemba admitted that the January

2007 write-up would not "hold up" due to management's targeting of Plaintiff and the refusal to provide Plaintiff with his personnel file within twenty-four (24) hours. Despite this complaint, Defendant took no meaningful action to rectify the hostile work environment.

24. Defendant's Human Resources department held a meeting with Plaintiff and Maintenance Managers John Molewÿk and Mike Lopez on March 29, 2007, at which time Plaintiff was issued two (2) written warnings and placement of Plaintiff's employment status on job jeopardy.

25. The first written warning, issued by Maintenance Manager John Molewÿk and which was dated March 6, 2007, again accused Plaintiff of taking an excessive break on February 12, 2007, when Plaintiff actually never took a break and adhered to Defendant's policies and practices of training on Basic Operating Procedures and completing vacation slips during the remaining time that Plaintiff was away from his work area.

26. The second written warning, dated March 27, 2007, falsely accused Plaintiff of taking excessive breaks, when Plaintiff actually only took a five (5) minute break.

27. On information and belief, similarly situated non-disabled employees have not been subjected to such scrutiny concerning their break times and have not been disciplined when engaging in the same practices as Plaintiff.

28. Defendant's reasons for placing Plaintiff's position on "job jeopardy" remain pretextual and part of a campaign to harass Plaintiff because of his actual or perceived disabilities.

29. Subsequent to the meeting held on March 29, 2007, Defendant required Plaintiff to meet with a company-sponsored doctor purportedly to determine how many bathroom breaks Plaintiff needed during his work shift. During the meeting held on March 30, 2007, however, the company-sponsored doctor attempted to elicit numerous details concerning Plaintiff's disabilities

and treatment programs in an attempt to discredit Plaintiff.

30. The aforementioned acts and omissions of Defendant constitute unlawful and intentional discrimination against Plaintiff because of his actual and/or perceived disability, in violation of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

31. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ROBERT W. WELTER, prays for judgment against the Defendant and respectfully request that this Court:

A. Declare the conduct of the Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of disability;

C. Order Defendant to make whole ROBERT W. WELTER by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to ROBERT W. WELTER;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – ADA - RETALIATION

32. Paragraphs one (1) through twenty-nine (29) are incorporated by reference as if fully set out herein.

33. Beginning in January 2007, Plaintiff reported the hostile work environment and disparate treatment to which he was being subjected based on his actual and perceived disabilities to Esther Martinez Ziemba, Human Resources representative. Plaintiff also filed a Charge of Discrimination against Defendant with the EEOC on February 21, 2007, alleging that he was being discriminated against because of his disabilities.

34. Subsequent to Plaintiff's complaints to Defendant's Human Resources department in January 2007, Maintenance Managers John Molewÿk and Mike Lopez retaliated against Plaintiff by increasing the amount of undue scrutiny on Plaintiff's breaks and making unwarranted criticisms on Plaintiff's performance.

35. Defendant's Human Resources department held a meeting with Plaintiff, Maintenance Managers John Molewÿk and Mike Lopez on March 29, 2007, at which time Plaintiff was issued two (2) written warnings and placement of Plaintiff's employment status on job jeopardy.

36. The first written warning, issued by Maintenance Manager John Molewÿk and which was dated March 6, 2007, again accused Plaintiff of excessive break time on February 12, 2007, when Plaintiff actually never took a break and adhered to Defendant's policies and practices of training on Basic Operating Procedures and completing vacation slips during the remaining time that Plaintiff was away from his work area.

37. The second written warning, dated March 27, 2007, falsely accused Plaintiff of taking excessive breaks, when Plaintiff actually only took a five (5) minute break.

38. On information and belief, similarly situated employees have not been subjected to such scrutiny concerning their break times and have not been disciplined when engaging in the same practices as Plaintiff.

39. Defendant's reasons for placing Plaintiff's position on "job jeopardy" remain pretextual and part of a campaign to retaliate against Plaintiff because of reporting harassing treatment based on his disabilities.

40. Subsequent to the meeting held on March 29, 2007, Defendant required Plaintiff to meet with a company-sponsored doctor purportedly to determine how many bathroom breaks Plaintiff needed during his work shift. During the meeting held on March 30, 2007, however, the company-sponsored doctor attempted to elicit numerous details concerning Plaintiff's disabilities and treatment programs in an attempt to discredit Plaintiff.

41. The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiff's opposition to disability discrimination, in violation of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

42. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, physical and emotional harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ROBERT W. WELTER, prays for judgment against the Defendant and respectfully request that this Court:

A. Declare the conduct of the Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of disability, and retaliates against an individual for complaining of an unlawful employment practice;

C. Order Defendant to make whole ROBERT W. WELTER by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to ROBERT W. WELTER;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

43. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,
ROBERT W. WELTER, Plaintiff,

By_____
Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, IL 60603
(312) 606-0383
Attorney Code No. 06203093

## Verification

I, Robert W. Welter, declare under penalty of perjury that the foregoing is true and correct.

Executed on 4/9/07 , 2007.

*Robert W. Welter*
Robert W. Welter

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Robert W. Welter<br>21700 Salem Road<br>Salem, WI 53168 | From: | Chicago District Office - 440<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL 7099 3400 0018 8815 8531

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-03244 | Eileen Sotak,<br>Enforcement Supervisor | (312) 353-1316 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_John P. Rowe_ 3/5/07
John P. Rowe, (Date Mailed)
District Director

Enclosures(s)

cc: HOSPIRA WORLDWIDE, INC.